UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUNIOR JUMPP,
     Plaintiff,

v.                              CASE NO. 3:13-cv-1228(JBA)

LIEUTENANT ANAYA, et al.,
     Defendants.


**<ins>INITIAL REVIEW ORDER</ins>**

The plaintiff, Junior Jumpp, is currently living in Hartford, Connecticut.  He filed this civil rights complaint *pro se* pursuant and *in forma pauperis* pursuant to 28 U.S.C. § 1915[1] and 42 U.S.C. § 1983.  The Complaint is dated August 20, 2013 and

---

[1]  It came to the Court's attention after Magistrate Judge Fitzsimmons had granted the plaintiff's application to proceed *in forma pauperis* that the plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. 1915(g).  In view of this information, it was then necessary for the Court to determine whether the plaintiff could continue to proceed *in forma pauperis* or whether he must pay the filing fee.  Under the statute, the plaintiff was required to pay the filing fee to bring this action unless he had alleged facts showing imminent danger of serious physical injury that was fairly traceable to unlawful conduct alleged in the complaint and that a favorable judicial outcome would redress the injury.  *See Pettus v. Morgenthau*, 554 F.3d 293, 296-97 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").  In addition, the danger of imminent harm must have been present at the time the complaint was filed.  *See id*. at 296.  Pursuant 28 U.S.C. § 1915(g), the Court carefully reviewed the Complaint to determine whether the plaintiff had alleged facts to meet the exception to the three strikes rule.  The Court has concluded that the plaintiff may continue to proceed *in forma pauperis* because the imminent harm exception has been met.

was received by the Court on August 23, 2013.  The plaintiff names Lieutenant Anaya and Correctional Officers Linsey, Monette, Viera and Schold as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and

conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that at approximately noon on July 24, 2013, he was in his cell at Northern Correctional Institution when the defendants arrived and informed him that they would be escorting him to the medical department. The plaintiff submitted to being placed in handcuffs and leg shackles and stood against the wall of his cell. Defendant Anaya then sprayed mace in his face and defendant Viera slammed the plaintiff onto the floor. Other officers then punched the plaintiff in the face and kicked him in the back. The defendants escorted the plaintiff to the medical unit.

Due to the assault by the defendants, the plaintiff suffered pulled muscles, a headache and pain in his neck and back. Dr. Wright treated the plaintiff and insisted that he remain in the medical unit for observation. Before leaving the plaintiff in the medical unit, defendant Anaya told the plaintiff that it was

not over between them also threatened to kill the plaintiff during their next encounter.

The following evening, Dr. Wright determined that the plaintiff was well enough to return to his cell.  A nurse accompanied the plaintiff as officers escorted him back to his cell.

The plaintiff claims that prior to the July 24, 2013 incident, he had written to the Commissioner of Corrections regarding various violations by correctional staff at Northern, including defendant Anaya.  He contends that the assault by the defendants on July 24, 2013 was carried out in retaliation for his complaints to the Commissioner.

The plaintiff sues the defendants in their individual and official capacities for monetary damages.  The request for monetary damages against the defendants in their official capacities is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the Complaint, the court concludes that the case should proceed at this time as to the claims of excessive force and retaliation against all defendants in their individual capacities.

**ORDERS**

The court enters the following orders:

(1)  The claims for money damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The Eighth Amendment claims of excessive force and First Amendment claims of retaliation will proceed against all defendants in their individual capacities.

(2)  By February 4, 2014 the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each defendant and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  Thirty five days thereafter, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)   The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)   Defendants shall file their response to the Complaint, either an answer or motion to dismiss by March 7, 2014.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by August 21, 2014.  Discovery requests need not be filed with the court.

(6)   All motions for summary judgment shall be filed by September 21, 2014.

(7)   **If the plaintiff changes his address** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court.**  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated.**  The plaintiff should write **"PLEASE NOTE MY NEW ADDRESS."**  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of

change of address.  The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

     **SO ORDERED** this 21st day of January 2014, at New Haven, Connecticut.

                           /s/
                           JANET BOND ARTERTON
                           UNITED STATES DISTRICT JUDGE