IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------x
                                                                 :
JUNIOR JUMPP                                                     :
                                                                 :      3:13 CV 1228 (JBA)
v.                                                               :
                                                                 :
ANAYA, ET AL.                                                    :
                                                                 :      DATE: MAY 1, 2015
-----------------------------------------------------------------x
```

RULING ON PENDING MOTIONS

Plaintiff, Junior Jumpp, is currently incarcerated at Northern Correctional Institution ["Northern"] in Somers, Connecticut.  On August 23, 2013, he filed this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983, naming Lieutenant Anaya and Correctional Officers Linsey, Monette, Viera, and Schold as defendants.  (Dkt. #1).[1]  On January 22, 2014, U.S. District Judge Janet Bond Arterton dismissed all claims against defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2) and permitted plaintiff's claims of excessive force and retaliation to proceed against these defendants in their individual capacities.  (Dkt. #10).[2]

On March 17, 2015, Judge Arterton referred the following five motions to this Magistrate Judge (Dkt. #62): plaintiff's Motion for Order and Status of Case/Rulings (Dkt. #55), plaintiff's Motion to Compel Preservation of Tapes and Notes and Other Evidence (Dkt.

---

[1] On January 12, 2015, plaintiff filed an Amended Complaint (Dkt. #50) and on February 6, 2015, a Second Amended Complaint, with a total of sixty-two defendants (Dkt. #53); both the Amended Complaint and the Second Amended Complaint have been stricken.  (Dkt. #70; see also Dkts. ##52, 54).

[2] On November 22, 2014, Judge Arterton referred this file to this Magistrate Judge for a settlement conference.  (Dkt. #31).  Such conference was held on January 12, 2015, at which plaintiff was represented by pro bono counsel for settlement purposes only; these discussions were not productive.  (Dkts. ##32-34, 36-42, 44-48).

#57), plaintiff's Motion for an Order of Non Contact with Defendants (Dkt. #58), plaintiff's Motion for an Immediate Order of Decision (Dkt. #60), and plaintiff's Motion for Leave for an Order of Enforcement/Compel Defendant(s) Counsel for Transfer from Institution to Another (Dkt. #61).[3]

## I.  DISCUSSION

### A. MOTION FOR ORDER AND STATUS OF CASE/RULINGS (Dkt. #55)

Plaintiff's Motion for Order and Status of Case/Rulings (Dkt. #55) states that the parties agreed at the settlement conference held on January 12, 2015 to "re-visit such settlement conf[erence] in [two] to [three] months[.]" (Id.).[4] However, the parties only agreed to revisit settlement if the parties' positions had changed in a material manner, which, as of the time of this filing, they have not. Therefore a new settlement conference will not be scheduled at this time, and therefore, plaintiff's motion for an order (Dkt. #55) is <u>denied without prejudice to renew if either side substantially alters his or their settlement positions</u>.

### B. MOTION TO COMPEL PRESERVATION OF TAPES AND NOTES AND OTHER EVIDENCE (Dkt. #57)

Plaintiff moves for an order preserving a variety of information that he alleges is associated with this action. (Dkt. #57). When considering motions to preserve evidence, courts generally apply a balancing test that weighs the specific, significant, and imminent threat of loss or destruction of evidence against the burden that preserving that evidence

---

[3]Plaintiff's Motion for an Immediate Order of Decision (Dkt #59) was also referred, however, the caption indicates that it was intended to be filed in another of plaintiff's pending cases, 14 CV 1216 (JBA), thus will not be addressed in this decision.  The Clerk's Office is instructed to terminate the motion in this file.

Defendants have not responded to any of these motions.

[4]<u>See</u> note 2 <u>supra</u>.

would impose. See Treppel v. Biovail Corp., 233 F.R.D. 363, 370-72 (S.D.N.Y. 2006)(motion for preservation order denied because plaintiff failed to meet burden of demonstrating a significant threat that documents would be destroyed). Plaintiff's motion provides no evidence that the information in question is in danger of being destroyed; he also requests preservation of video surveillance tapes from the future dates July 24-25, 2015. (Dkt. #57, at 2).[5] Therefore, plaintiff's motion (Dkt. #57) is denied without prejudice to renew.

### C. MOTION FOR AN ORDER OF NON CONTACT WITH DEFENDANTS AND MOTION FOR AN IMMEDIATE ORDER OF DECISION (Dkts. ##58 & 60)

In plaintiff's Motion for an Order of Non Contact with Defendants (Dkt. #58) and Motion for an Immediate Order of Decision (Dkt. #60), plaintiff asks the Court to issue orders that would prohibit the defendants from coming in contact with plaintiff while this action is pending and that would prohibit the defendants from interfering with plaintiff's ability to pursue his lawsuit. The relief plaintiff seeks presumably refers to a temporary restraining order and preliminary injunction, both of which are extraordinary remedies that the Court should not grant lightly. See, e.g., Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 33 (2d Cir. 1991). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. See Allied Office Supplies Inc. v. Lewandowski, 261 F. Supp. 2d 107, 108 n.2 (D. Conn. 2003). These motions can only be granted upon a demonstration of "(a) irreparable harm, and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and that the balance of hardships tip decidedly in favor of the moving party." Citigroup Global Markets,

---

[5]The copious attachments to plaintiff's Motion for Leave for an Order of Enforcement/ Compel Defendant(s) Counsel for Transfer from Institution to Another (Dkt. #61) show that while security tapes from the prison are regularly recycled, plaintiff has been successful in preserving these tapes without the assistance of a court order. (Id. at 52-86).

Inc. v. VCG Special Opportunities Master Fund Ltd, 598 F.3d 30, 35 (2d Cir. 2010)(multiple citations & internal quotations omitted). Here, plaintiff has not demonstrated a sufficient factual basis of irreparable harm to justify a temporary restraining order or preliminary injunction. Therefore, these motions (Dkts. ##58 & 60) are denied.

### D.  MOTION FOR LEAVE FOR AN ORDER OF ENFORCEMENT/ COMPEL DEFENDANT(S) COUNSEL FOR TRANSFER FROM INSTITUTION TO ANOTHER (Dkt. #61)

Plaintiff requests that he be transferred from Northern to a different facility (Dkt. #61 at 7); plaintiff requested the same relief in his First Amended Complaint (Dkt. #50). See note 1 supra.  On April 2, 2015, Judge Arterton addressed this issue in her Ruling and Order, holding that "the addition of a request that [plaintiff] be transferred from Northern to another prison facility [in plaintiff's First Amended Complaint] would be futile[]" because "plaintiff has no right to be housed at a particular prison facility." (Dkt. #70, at 4). Therefore, this motion is denied.

### II.  CONCLUSION

Plaintiff's Motion for Order and Status of Case/Rulings (Dkt. #55) and plaintiff's Motion to Compel Preservation of Tapes and Notes and Other Evidence (Dkt. #57) are both denied without prejudice to renew as appropriate, and plaintiff's Motion for an Order of Non Contact with Defendants (Dkt. #58), plaintiff's Motion for an Immediate Order of Decision (Dkt. #60), and plaintiff's Motion for Leave for an Order of Enforcement/Compel Defendant(s) Counsel for Transfer from Institution to Another (Dkt. #61) are all denied.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely**

**objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 1st day of May, 2015.

/s/ Joan G. Margolis\_
Joan Glazer Margolis
United States Magistrate Judge