UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNIOR JUMPP<br>　　*Plaintiff*,<br>　　*v.*<br>ANAYA, et al.<br>　　*Defendants*. | Civil No. 3:13cv1228 (JBA)<br><br>February 18, 2016 |

**ORDER**

Following this Court's Order [Doc. # 120] to Defendants to show cause why their motion for summary judgment should not be precluded as untimely, Defendants filed a Response [Doc. # 122] arguing, without citation to authority, that they had good cause to delay filing their motion for summary judgment because they were engaged in settlement discussions with Plaintiff, and they did not think it "appropriate" to do so "while simultaneously advising the court that the defendants are entitled to judgment as a matter of law."

"[A] party may file a motion for summary judgment at any time until the time limit for filing motions under a district court's Rule 16(b) scheduling order expires." *Julian v. Equifax Check Servs., Inc.*, 178 F.R.D. 10, 15 (D. Conn. 1998) (internal quotation marks omitted). If a party requires additional time in which to file a motion, it must seek a modified scheduling order from the court, which may be granted "only for good cause." Fed. R. Civ. P. 16(b)(4). "A finding of 'good cause'" under Rule 16 "depends on the diligence of the moving party" in seeking to meet the deadline in the scheduling order. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012) ("Whether 'good cause' exists turns

primarily on the 'diligence' of the moving party in seeking to meet the deadline in the scheduling order.").

In this case, the scheduling order called for motions for summary judgment to be filed by September 21, 2014. (*See* Sched. Order [Doc. # 10] at 6.) Neither party filed a motion for summary judgment by that date nor sought an extension of time for which to do so. One month after the deadline passed, the parties began to engage in settlement conferences which ultimately proved unsuccessful.

Defendants appear to contend that good cause exists to modify the scheduling order here because they were diligent about attempting to settle this case. This argument is however, belied by the timeline described above. Whatever Defendants' belief about the appropriateness of seeking summary judgment while simultaneously engaging in settlement discussions, those discussions did not commence until after the deadline for summary judgment had passed. Defendants have not shown that they diligently sought to meet the deadline for filing a motion for summary judgment as required by Rule 16.

Therefore, to the extent Defendants seek an extension of time for which to file a motion for summary judgment, their motion is denied. Defendants are precluded from filing a motion for summary judgment. This case is now ready for trial, and the Court will refer it for appointment of pro bono counsel. After counsel's appearance is filed, counsel for both parties shall confer and file a supplemental 26(f) report.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of February, 2016.

2